UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARILYN BARTHOLOMEW,<br><br>    Plaintiff,<br><br>    v.<br><br>CHARLES TRIAY, et al.,<br><br>    Defendants. | Case No. 16-cv-05361-WHO<br><br>**ORDER GRANTING APPLICATION TO PROCEED** *IN FORMA PAUPERIS* **AND DISMISSING CASE**<br><br>Re: Dkt. No. 3 |

    The *in forma pauperis* statute authorizes a plaintiff to file an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees. 28 U.S.C. § 1915(a). I have reviewed plaintiff's application to proceed *in forma pauperis* and I GRANT it. Dkt. No. 3.

    The *in forma pauperis* statute also requires me to dismiss a case if at any time I determine that the action (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

    I have reviewed Ms. Bartholomew's complaint (Dkt. No. 1) and find that all of the claims are barred as a matter of law by the *Rooker-Feldman* doctrine. As such, Bartholomew's complaint fails to state any actionable claim and must be dismissed.

    There are only three defendants named in Bartholomew's complaint: Judge Robert B. Freedman (of the Alameda County Superior Court), attorney Charles A. Triay, and attorney Paul D. Epstein. Complaint, ¶¶ 7-9. *All* of her claims against these defendants stem from rulings Judge Freedman made in two consolidated cases in Alameda County Superior Court. In, *Bartholomew v. Triay*, RG12615113 Alameda County Superior Court, Bartholomew sued Triay for breach of contract, breach of fiduciary duties, and professional negligence in connection with Triay's representation of Bartholomew in probate proceedings. In *Triay v. Bartholomew*, RG12628652, Alameda County Superior Court, Triay countersued for breach of contract for failure to pay his legal fees in the same representation. The cases were consolidated for all purposes except trial.

After numerous discovery disputes, defendants Triay and Epstein moved for terminating sanctions in Bartholomew's case. That motion was granted and a judgment of dismissal was entered in plaintiff's case on August 13, 2013. Plaintiff appealed, and the dismissal was affirmed. *See generally Bartholomew v. Triay*, No. A139998, 2014 WL 3531015, at *4 (Cal. Ct. App. July 17, 2014*), as modified on denial of reh'g* (Aug. 11, 2014), review denied (Oct. 1, 2014).

In Triay's case, after numerous applications were made by plaintiff to disqualify Judge Freedman (which were stricken or denied), and despite plaintiff's requests for continuances and assertion of her right to a jury trial, a bench trial was held on December 16 and 17, 2015. Judgment was entered, awarding Triay $15,873.07 in fees. Bartholomew appealed that decision to the appellate division of the Superior Court.[1]

In her complaint in this court, Bartholomew argues that the defendants conspired to award Triay $15,783.07 in fees from Bartholomew's probate award. She complains of various actions Judge Freedman took in the cases including failing to disqualify himself, failing to give adequate notice of hearings, forcing her to give up her right to a jury trial, giving Triay and his law associate Epstein unfair procedural advantages, granting the motion for terminating sanctions, awarding Triay $15,783.07 in fees for his breach of contract claim, and failing to issue a written decision. Compl. ¶¶ 12-68.

Based on these allegations she asserts that the defendants: (i) deprived her of due process and property in violation of her civil rights under 42 U.S.C. § 1983; (ii) conspired to obstruct justice and deny her due process under 42 U.S.C. § 1985(s); (iii) conspired to deprive her of her rights and privileges under 42 U.S.C. § 1985(3); (iv) negligently failed to prevent her harms in violation of 42 U.S.C. § 1986; (v) and violated the due process clause of the Fourteenth Amendment. Compl. ¶¶ 60-80.

Because all of plaintiff's claims are based upon the actions and rulings of Judge Freedman, they are barred as a matter of law by the *Rooker-Feldman* doctrine. Under that doctrine, a plaintiff cannot complain in federal court about decisions reached in state court. Instead, the plaintiff must

---

[1] It appears that Judge Freedman's decision was affirmed on August 18, 2016. *See* Register of Action, *Triay v. Bartholomew*, RG12628652, Alameda County Superior Court.

pursue all appeals in state court and be bound by the final state court determination. *See, e.g., Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004) (the Rooker-Feldman doctrine bars federal district courts "from exercising subject matter jurisdiction over a suit that is a *de facto* appeal from a state court judgment."); *see also Henrichs v. Valley View Dev.*, 474 F.3d 609, 616 (9th Cir. 2007) (*Rooker-Feldman* barred claim that "would require the district court to determine that the state court's decision was wrong and thus void"). "This doctrine applies even when the challenge to the state court decision involves federal constitutional issues." *Worldwide Church of God v. McNair*, 805 F.2d 888, 891 (9th Cir. 1986).

What plaintiff complains of here was how her case and the consolidated *Triay* case were handled by Judge Freedman and the ultimate decisions he made in those cases. Any challenge to Judge Freedman's interim or final orders, as well as any challenge to his conduct of those proceedings, can only be addressed by appealing those orders and the final judgments through the California state court system. Plaintiff cannot avoid the *Rooker-Feldman* doctrine by alleging that the defendants conspired to deny her civil rights. Here, plaintiff's alleged damage was the dismissal of her case and the award of $15,783.07 in fees to Triay, which were the direct result of the state court decisions. *See, e.g., Cooper v. Ramos*, 704 F.3d 772, 782 (9th Cir. 2012) ("The alleged conspiracy is a fig leaf for taking aim at the state court's own alleged errors. It is precisely this sort of horizontal review of state court decisions that the *Rooker–Feldman* doctrine bars.").

Therefore, plaintiff's claims are barred as a matter of law and her complaint is DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED**.

Dated: October 3, 2016

_____
WILLIAM H. ORRICK
United States District Judge